The Honorable Jay Bradford State Representative Post Office Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
I am writing in response to your request for my opinion on the following question:
 Can a city allow a local housing authority to purchase gasoline from the city through the city's contract with a gasoline provider if the contract itself has no prohibitions against such?
RESPONSE
Assuming the city's contract with the gasoline provider indeed contained no proscription against any such resale, I believe the answer to your question would be "yes." See A.C.A. §14-169-227(a) (Repl. 1998). However, I must stress that only a finder of fact could determine that the contract in question did not prohibit such a transaction.
The Housing Authorities Act, codified at A.C.A. §§ 14-169-210
through -240 (Repl. 1998), envisions significant cooperation between municipal housing authorities and the municipalities that authorized their formation. For instance, A.C.A. § 14-169-202(4) provides:
 It is a proper public purpose for any state public body[1] to aid, as provided in this subchapter, any housing authority operating within its boundaries or jurisdiction or any housing project located therein, as the state public body derives immediate benefits and advantages from such an authority or project.
With respect to the conditions that a housing authority is formed to address, A.C.A. § 14-169-212(3)(B) empowers the authority "[t]o cooperate with the city, the county, and the state, or any political subdivision thereof, in action taken in connection with these problems[.]" And, most significantly, A.C.A. § 14-169-227
provides in pertinent part:
 (a) For the purpose of aiding and cooperating in the planning, undertaking, construction, or operation of housing projects, including projects of the federal government, located within the area in which it is authorized to act, any state public body may, upon such terms, with or without consideration, as it may determine:
 (1) Dedicate, sell, convey, or lease any of its property to a housing authority or the federal government;
 * * *
 (6) Do any and all things necessary or convenient to aid and cooperate in the planning, undertaking, construction, or operation of projects.
In my opinion, in the absence of any contractual provision barring the conveyance, these statutes would clearly authorize a city to sell its gasoline to a local housing authority.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] It is beyond question that a city qualifies as a "state public body." As one of my predecessors observed in Ark. Op. Att'y Gen. No. 99-277:
 The term "public body" has been consistently applied in the Code to entities that appear clearly to qualify as "units of government." For instance, A.C.A. § 17-33-101 defines the term as "any agency of the State of Arkansas or any political subdivision of the state." Similarly, A.C.A. § 22-9-302 defines the term as "the State of Arkansas or any officer, board, or commission of the state, any county, city, municipality or other political subdivision, or any of the agencies thereof." A.C.A. § 14-188-103 defines the term "state public body" as meaning "any city, town, county, municipal corporation, commission, district, authority, or other political subdivision of this state." A.C.A. § 14-169-203 defines the phrase" state public body" as meaning "any city, town, county, municipal corporation, commission, district, authority, other subdivision, or other public body of the state."